# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Herman Catlett,**
**Petitioner Below, Petitioner**

**FILED**

**November 12, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-0078** (Berkeley County 12-C-1019)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Herman Catlett, appearing *pro se*, appeals the order of the Circuit Court of Berkeley County, entered January 14, 2013, that denied his most recent petition for a writ of habeas corpus. Respondent Warden, by counsel Christopher C. Quasebarth, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The body of Charles Arvin was found in his vehicle on July 1, 1984, just outside Martinsburg, West Virginia. The victim's car was seen two nights before, parked at the residence of petitioner and his then-girlfriend Penny Stanley. The body was covered in household trash that included an envelope addressed to petitioner and several articles containing Ms. Stanley's fingerprints. Petitioner and Ms. Stanley were subsequently arrested and charged with the murder. Petitioner was released on bond while Ms. Stanley remained incarcerated. However, Ms. Stanley later pled guilty to being an accessory after the fact to Mr. Arvin's death and agreed to testify truthfully at petitioner's trial.

Ms. Stanley testified at petitioner's trial as follows: (1) the victim came to petitioner's and Ms. Stanley's house on June 29, 1984; (2) Ms. Stanley went onto the front porch while petitioner and the victim talked; and (3) Ms. Stanley saw the victim dead on the floor when petitioner called her back in to the kitchen. Ms. Stanley further testified that she saw a club in the sink with water running over it to ostensibly wash blood off it.[1] Finally, Ms. Stanley testified that the victim often sold drugs to petitioner and that petitioner recovered twenty Valium pills and approximately $900 in cash from the victim after murdering him. Ms. Stanley admitted that she helped petitioner put

---

[1] Several days before petitioner's trial, the alleged murder weapon, a tree branch, was discovered in the basement of the residence of petitioner and Ms. Stanley. The State had the branch analyzed and found no traces of latent fingerprints, blood, or hair on it.

1

plastic bags over the body and drag it to the victim's vehicle. Petitioner then drove the car away with the victim's body in it. Subsequently, petitioner was convicted of first degree murder and was sentenced to a life term in prison without the possibility of parole. This Court affirmed petitioner's conviction in *State v. Catlett*, 180 W.Va. 447, 376 S.E.2d 834 (1988).

Since his murder conviction, petitioner has filed a total of six petitions for a writ of habeas corpus in the circuit court. In his previous habeas corpus proceedings, petitioner had two omnibus hearings, one in 1992 and one in 1998. On December 31, 2012, petitioner filed his sixth and most recent petition for a writ of habeas corpus alleging newly discovered evidence as follows: (1) a February 23, 2005 affidavit from Ms. Stanley (now Van Metre);[2] and (2) a grand jury transcript petitioner received as a result of a circuit court order entered October 1, 2012. In the October 1, 2012 order, the circuit court explained that the failure to previously provide petitioner with the grand jury transcript was due to "inadvertence" on the part of the circuit clerk's office.

On January 14, 2013, the circuit court summarily dismissed petitioner's sixth habeas petition ruling that neither Ms. Stanley's affidavit nor the grand jury transcript met the standard for newly discovered evidence. The circuit court found that none of the allegations in Ms. Stanley's affidavit "state any new evidence probative to petitioner's conviction." Furthermore, the circuit court noted that in the affidavit, Ms. Stanley "does not aver that she committed perjury or otherwise lied" and "does nothing to refute all the other evidence received at trial." In conclusion, the circuit court "[did] not find this affidavit of a witness who testified at trial to be new evidence." As for the grand jury transcript, the court determined that it did not constitute newly discovered evidence because with reasonable diligence, petitioner could have learned of the transcript "at each of the prior omnibus habeas corpus proceedings and [petitioner's direct] appeal." While petitioner raised additional issues in the instant petition, the circuit court found that "each ground, beyond the two addressed above [alleging newly discovered evidence] has either been waived or final[ly] adjudicated at direct appeal or his five previous habeas petitions."[3]

Accordingly, the circuit court concluded that summary dismissal was appropriate. Petitioner now appeals the circuit court's January 14, 2013 order.

---

[2] For convenience, Ms. Van Metre will be continued to be referred to as Ms. Stanley.

[3] In Syllabus Point Two of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court held as follows:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared *pro se* having knowingly and intelligently waived his right to counsel.

We review the circuit court's order summarily dismissing a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner asserts that his most recent petition was properly supported by newly discovered evidence and, as such, the doctrine of res judicata did not bar his petition.[4] Respondent argues that each of the grounds raised in the instant petition was capable of being decided on the record alone and, therefore, the circuit court properly summarily dismissed the petition.

This Court notes the standard for reviewing a claim of newly discovered evidence is set forth in *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979).[5] The Court finds that petitioner's

---

[4] In Syllabus Point Four of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court held as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

[5] In the Syllabus of *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979), this Court held as follows:

> A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the

claim that Ms. Stanley's affidavit constitutes new evidence is dubious in the extreme. The affidavit was obtained nearly eight years before petitioner filed his instant petition. This Court's records reflect that the affidavit was obtained from Ms. Stanley during the appeal of the denial of petitioner's third habeas petition, approximately six months after the circuit court's August 31, 2004 order. Although not procured in time for the circuit court's consideration, petitioner raised the affidavit in his appeal in Supreme Court No. 050841. Petitioner has had several other habeas proceedings since this Court's June 29, 2005 refusal order. Raising it, again, now seems, at the very least, tardy. Furthermore, the circuit court's findings, to the effect that the affidavit would not have produced an opposite result at trial, are entitled to deference.[6] Therefore, this Court concludes that Ms. Stanley's affidavit is not new evidence.

Petitioner encounters the same problem in arguing that the grand jury transcript was improperly withheld from him. The circuit court found that petitioner had not been previously provided with the transcript through mere "inadvertence" and that petitioner could have obtained it prior to October of 2012 if he had acted with reasonable diligence "at each of the prior omnibus habeas corpus proceedings and [petitioner's direct] appeal." Furthermore, after reviewing the pages of the grand jury transcript that petitioner attaches to his brief, this Court finds nothing in the excerpts that would have produced an opposite result at trial.[7] Therefore, this Court determines that the grand jury transcript does not constitute new evidence. Accordingly, this Court concludes

that the circuit court did not abuse its discretion in summarily dismissing petitioner's sixth habeas

---

same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).

[6] Petitioner alleges that Ms. Stanley's affidavit supports his contention that he killed the victim in self-defense. However, petitioner's self-defense argument was raised in his second habeas proceeding in which petitioner testified at a October 6, 1998 hearing that there was a factual basis for the defense because the victim came at him with a knife. Therefore, the affidavit is merely cumulative of sworn testimony already considered.

[7] The pages of the transcript reflect that because a witness could not be located, the investigating officer testified to the grand jury that petitioner had made an incriminating statement to the witness. It is unclear how this helps petitioner. According to the officer, the witness also indicated that the murder weapon had been a baseball bat, not a tree branch. However, in *State v. Catlett*, 180 W.Va. 447, 448, 376 S.E.2d 834, 836 (1988), this Court noted that Ms. Stanley had testified that she saw a club in the kitchen sink, but that when it was finally discovered, the alleged murder weapon was believed to be a tree branch. The investigating officer was probably accurate when he told the grand jury that it was "a blunt instrument of some type."

4

petition.[8]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[8] Petitioner notes that he also attempted to re-raise the ineffectiveness of trial counsel on the basis of *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), in which the Supreme Court addressed the situation where counsel's ineffective advice led to the rejection of an offer of a plea agreement. This argument is without merit for two reasons. First, the only evidence petitioner submitted tending to show that his counsel urged him to decline an alleged plea offer was a time sheet showing that counsel conducted plea negotiations with the State. Petitioner did not submit any evidence that an actual offer had been made or, if made, what the terms were. Second, if petitioner wanted to argue that there was a plea offer that counsel erroneously advised him to decline and that he should have the benefit of that offer, petitioner could have done so under preexisting West Virginia law. *See Tucker v. Holland*, 174 W.Va. 409, 327 S.E.2d 388 (1985) (writ granted with directions to the trial court to permit the tender, for consideration by the court, of a plea of guilty to third degree arson based on a finding that counsel erroneously advised the petitioner to plead nolo contendere when there had been no agreement to such a plea). Accordingly, the circuit court correctly determined that every claim other than newly discovered evidence had either been waived or finally adjudicated in petitioner's prior proceedings.